UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SANDY MASCIATTI, MARJORIE MONDESIR,
and KRIS POWELL, on behalf of themselves
and others similarly situated,

      Plaintiff,

MAGISTRATE JUDGE
BROWN

vs.

WASHINGTON MUTUAL BANK, a Foreign
corporation,

      Defendant.
_____/

## COMPLAINT

COME NOW the Plaintiffs, SANDY MASCIATTI, MARJORIE MONDESIR and KRIS POWELL, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, and sue the Defendant, WASHINGTON MUTUAL BANK, a Foreign corporation, and as grounds therefor states as follows:

1.    The Plaintiffs, SANDY MASCIATTI, MARJORIE MONDESIR and KRIS POWELL, are former employees of Defendant, WASHINGTON MUTUAL BANK, and they bring this action on behalf of themselves and other current and former employees of the Defendant, WASHINGTON MUTUAL BANK, similarly situated to them, for compensation and other relief under the Fair Labor Standards Act, as amended (the "Act"), 29 U.S.C. §201, et seq.

2.    Plaintiff, SANDY MASCIATTI, is a citizen and resident of Broward County, Florida, within the jurisdiction of this Court.



3. Plaintiff, MARJORIE MONDESIR, is a citizen and resident of Miami-Dade County, Florida, within the jurisdiction of this Court.

4. Plaintiff, KRIS POWELL, is a citizen and resident of Miami-Dade County, Florida, within the jurisdiction of this Court.

5. Defendant, WASHINGTON MUTUAL BANK, is a Foreign corporation, with offices in Broward and Miami-Dade County Florida, within the Southern District of Florida.

6. While employed by Defendant, WASHINGTON MUTUAL BANK, Plaintiffs were paid on an hourly basis, but were not paid overtime for hours actually worked in excess of 40 because their supervisor changed their time records or, alternatively, ordered them not to place accurate times on their time records in order to prevent them from showing overtime on their time sheets. Upon information and belief, this was done pursuant to a company scheme or device to evade the maximum hour protections of the Fair Labor Standards Act.

7. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendant, WASHINGTON MUTUAL BANK, regularly operated a business engaged in the savings and loan industry. The annual gross revenue of Defendant, WASHINGTON MUTUAL BANK, was in excess of $500,000.00 per annum.

8. By reason of the foregoing, Defendant, WASHINGTON MUTUAL BANK, was, during all times hereafter mentioned, an enterprise engaged in commerce or in the

production of goods for commerce as defined in §§3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and §203(s). In addition, Defendant utilized goods in commerce, engaged in commerce, and had its workers, including Plaintiffs, engage in commerce or utilize goods in commerce as part of their employment.

9. The additional persons who may become Plaintiffs in this action are employees who have been paid on an hourly basis, but whose time records have been altered or, alternatively, who were forced to place false times on their time records in order for the Defendant, WASHINGTON MUTUAL BANK, to evade the maximum hour protections of the Fair Labor Standards Act, and thus were subject to the same payroll practices and procedures described above.

10. At all times pertinent to this Complaint, Defendant, WASHINGTON MUTUAL BANK, failed to comply with 29 U.S.C. §201-19 in that Plaintiffs and those similarly situated to Plaintiffs performed services for Defendant for which no provision was made by Defendant to properly pay Plaintiffs for those hours.

11. By reason of Plaintiffs' employment with Defendant, WASHINGTON MUTUAL BANK, they were employed by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206(a) and 207(a). Further, Plaintiffs themselves were engaged in interstate commerce. The work performed by Plaintiffs was directly essential to the business operations of Defendant which were directly essential to the business performed by Defendant.

12. The records reflecting hours worked by Plaintiffs and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody and control of Defendant and Plaintiffs are unable to state at this time the exact amount due and owing them or each similarly situated employee. Plaintiffs propose to obtain such information by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiffs will then seek leave to amend their Complaint to set forth the precise amount due them.

13. Plaintiffs, SANDY MASCIATTI, MARJORIE MONDESIR and KRIS POWELL, are entitled to be paid the time and a half of their average hourly wage for each hour in each work week in which they worked more than forty (40) hours. All similarly situated employees are similarly owed their overtime payments for each overtime hour they worked and were not properly paid.

14. By reason of the said intentional, willful and unlawful conduct of Defendant, WASHINGTON MUTUAL BANK, Plaintiffs have suffered damages, incurred costs and are also entitled to receive reasonable attorneys' fees.

15. As a result of Defendant's willful violation of the Act, Plaintiffs are entitled to liquidated damages in an amount equal to their actual damages. Moreover, since the failure to pay overtime was part of a corporate-wide scheme and device, this Court should impose a three-year statute of limitations upon Defendant because of the wilful nature of this misconduct.

WHEREFORE, Plaintiff, SANDY MASCIATTI, MARJORIE MONDESIR and KRIS POWELL, and those similarly situated to them, who have or will opt into this action, demand judgment against Defendant, WASHINGTON MUTUAL BANK, for the overtime payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages, prejudgment interest, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper, including pre-judgment interest.

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE BY RIGHT.

Dated this 20th day of April, 2000.

Respectfully submitted,

Phillips, Eisinger, Koss, Rothstein
 & Rosenfeldt, P.A.
**Attorneys for Plaintiffs**
4000 Hollywood Boulevard, #265-S
Hollywood, Florida 33021
Tele: 954/894-8000
Fax: 954/894-8015

By: _____
Stuart A. Rosenfeldt
FBN: 316113

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET 00-01

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
SANDY MASCIATTI, MARJORIE MONDESIR, and KRIS POWELL, on behalf of themselves and others similarly situated

### DEFENDANTS
WASHINGTON MUTUAL BANK, a Foreign corporation

CIV-DAVIS
MAGISTRATE JUDGE BROWN

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

A:Dade 1:00CV1427 Davis Brown

(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Stuart A. Rosenfeldt, Esq., Phillips, Eisinger, Koss, Rothstein & Rosenfeldt, P.A., 4000 Hollywood Blvd., Ste. 265-S, Hollywood, Fla. 33021-Tele: 954/894-8000

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE: (DADE,) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | PERSONAL PROPERTY | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☒ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities Exchange |
| E☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. Section 216B

LENGTH OF TRIAL
via 8 days estimated (for both sides to try entire case)

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Over $50,000.00

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 04/20/00

SIGNATURE OF ATTORNEY OF RECORD
Stuart A. Rosenfeldt, Esq., Counsel for Plaintiff

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT $150.00 820741 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

04/20/00